UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE CARD,<br><br>Plaintiff,<br><br>v.<br><br>UNION CITY POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 23-cv-05613-AMO (PR)<br><br>**ORDER DENYING MOTION TO CONSOLIDATE**<br><br>Re: Dkt. No. 23 |
| CHRISTOPHER LEE CARD,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER PARKER, et al.,<br><br>Defendants. | Case No. 24-cv-00986-AMO (PR)<br><br>**ORDER DENYING MOTION TO CONSOLIDATE**<br><br>Re: Dkt. No. 17 |
| CHRISTOPHER LEE CARD,<br><br>Plaintiff,<br><br>v.<br><br>UNION CITY POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 25-cv-01878-AMO (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE THIS CASE WITH CASE NO. 25-CV-09432 AMO (PR); AND TO FILE COMPLAINT AS SUPPLEMENTAL COMPLAINT IN CASE NO. 25-CV-09432-AMO (PR)**<br><br>Re: Dkt. No. 11 |
| CHRISTOPHER LEE CARD,<br><br>Plaintiff,<br><br>v.<br><br>URSULA JONES DICKSON, et al.,<br><br>Defendants. | Case No. 25-cv-09432-AMO (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE THIS CASE WITH CASE NO. 25-CV-01878-AMO (PR); GRANTING HIS MOTION TO VOLUNTARILY DISMISS CLAIMS AGAINST DEFENDANTS DICKSON AND REEVES IN THEIR INDIVIDUAL CAPACITIES; AND GRANTING HIS MOTIONS TO TERMINATE DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 4, 11, 12, 14, 21 |

## I.     INTRODUCTION

Before the Court are Defendants County of Alameda's and District Attorney Ursula Jones

Dickson's motions to dismiss Plaintiff Christopher Lee Card's complaint and amended complaint in his higher numbered above-captioned civil rights action under 42 U.S.C. § 1983. *See* Case No. 25-cv-009432-AMO (PR), Dkts. 4, 12. Card opposes and has filed motions to terminate the motion to dismiss his original complaint as moot and to terminate the motion to dismiss his amended complaint as premature. *Id.*, Dkts. 11, 14. Card also filed a notice of voluntary dismissal of certain claims against Defendants Dickson and Inspector Louise Reeves, in which Card requests to voluntarily dismiss all claims against Defendants Dickson and Reeves in their individual capacities. *Id.*, Dkt. 22. The Court **GRANTS** Card's request to voluntarily dismiss claims against Defendants Dickson and Reeves in their individual capacities.

Also before the Court is Card's motion to consolidate the four above-captioned civil rights actions. Case No. 23-cv-05613-AMO (PR), Dkt. 23; Case No. 24-cv-00986-AMO (PR), Dkt. 17; Case No. 25-cv-01878-AMO (PR), Dkt. 11; Case No. 25-cv-09432-AMO (PR), Dkt. 21. Defendants in Case No. 25-cv-09432-AMO (PR) have filed an opposition to the motion. Case No. 25-cv-09432-AMO (PR), Dkt. 24.

## II.    MOTIONS TO DISMISS IN CASE NO. 25-CV-09432-AMO (PR)

Card originally filed Case No. 25-cv-09432-AMO (PR) in the Alameda County Superior Court, *Christopher Lee Card v. District Attorney Madam Ursula Jones Dickson, et al.*, Case No. 25CV133665, alleging state and federal constitutional violations stemming from his December 7, 2021 arrest, detention, and subsequent prosecution. *See* Case No. 25-cv-09432, Dkt. 1-3 at 2-55[1]; Defs.' Ex. A. Defendant County of Alameda removed the action to this Court pursuant to 28 U.S.C. § 1441(b). Instead of first filing a motion asking the Court to screen the complaint under 28 U.S.C. § 1915A, Defendant County of Alameda has filed the pending motion to dismiss the complaint, *see id.*, Dkt. 4, which Card argues should be terminated as moot because he has since filed his amended complaint, *see id.*, Dkt. 11. Defendants County of Alameda and Dickson (who has been sued in her official capacity in the amended complaint) filed a motion to dismiss the

_____

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

United States District Court
Northern District of California

amended complaint. *Id.*, Dkt. 12. Card argues that the second motion to dismiss the amended complaint should be terminated as premature. *Id.*, Dkt. 14. The Court agrees with Card and **GRANTS** his motions. *Id.*, Dkts. 11, 14. Thus, in Case No. 25-cv-09432, the Court **TERMINATES** the pending motion to dismiss the complaint as moot and **TERMINATES** the pending motion to dismiss the amended complaint as premature. *Id.*, Dkts. 4, 12.

### III.    MOTION FOR CONSOLIDATION

Through his pending motion for consolidation, Card proposes consolidating the four above-referenced cases: Case Nos. 23-cv-05613-AMO (PR), 24-cv-00986-AMO (PR), 25-cv-01878-AMO (PR), 25-09432-AMO (PR). A brief summary of each of these four cases is helpful.

#### A.    Summary of Cases

##### 1.    Case No. 23-cv-05613-AMO (PR)

Card filed in October 2023, against Defendants Union City and the Union City Police Department officers from Card's December 7, 2021 arrest. Case No. 23-cv-05613-AMO (PR), Dkt. 1. The Court dismissed this action and entered judgment in May 2024. *Id.*, Dkt. 10. Card also filed a notice of appeal with the Ninth Circuit Court of Appeals. *Id.* Dkt. 18. The Ninth Circuit has since dismissed the appeal and issued its mandate. *Id.*, Dkts. 20, 21.

##### 2.    Case No. 24-cv-00986-AMO (PR)

Card filed this suit in February 2024, against Defendants Oakland Police Department, Sacramento County Probation Department, The Mercury News, Leaders in Community Alternatives, Inc., Hospital Worker, and various officers. Case No. 24-cv-00986-AMO (PR), Dkt. 1. In August 2024, Card filed an amended complaint, in which he only alleged claims against Defendants The Mercury News and Nate Gartrell for defamation and various federal civil rights claims under section 1983. *Id.*, Dkt. 11. On October 3, 2025, the Court dismissed the amended complaint and entered judgment. *Id.*, Dkt. 13. Card appealed, and the Ninth Circuit dismissed the appeal as frivolous on April 23, 2026 and issued its mandate. *Id.*, Dkt. 20, 21.

##### 3.    Case No. 25-cv-01878-AMO (PR)

Card filed this active suit against the County of Alameda, Union City, and various personnel from the Union City Police Department ("UCPD") stemming from Card's December

United States District Court
Northern District of California

2021 arrest and subsequent prosecution, as well as his detainment during which the process was ongoing (including detainment at the John George Psychiatric Hospital) on February 21, 2025. Case No. 25-cv-01878-AMO (PR), Dkt. 1 at 7-19.

### 4.    Case No. 25-cv-09432-AMO (PR)

On July 30, 2025, Card originally filed Case No. 25-cv-09432-AMO (PR) in the Alameda County Superior Court, alleging state and federal constitutional violations stemming from Card's December 2021 arrest and subsequent prosecution. *See* Case No. 25-cv-09432-AMO (PR), Dkt. 1-3 at 2-55[2]; Defs.' Ex. A. Defendant County of Alameda removed the action to this Court pursuant to 28 U.S.C. § 1441(b). Instead of first filing a motion asking the Court to screen the complaint and amended complaint under 28 U.S.C. § 1915A, Defendants have filed the pending motions to dismiss, *see* Case No. 25-cv-09432-AMO (PR), Dkts. 4, 12, which have been terminated as moot (*see id.*, Dkt. 4) and premature (*see id.*, Dkt. 12), as explained above.

### B.    Analysis

Consolidation is appropriate where there is a "common issue of law or fact" between the cases. Fed. R. Civ. P. 42(a). When related cases fall within the parameters of Rule 42, it is within the district court's sound discretion to consolidate them. *See Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989). "[I]n deciding whether to consolidate actions under Rule 42(a), a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Takeda v. Turbodyne Technologies, Inc.*, 67 F. Supp. 2d 1129, 1132 (C.D. Cal.1999).

Defendants County of Alameda and Dickson in Case No. 25-cv-09432-AMO (PR) oppose the motion to consolidate Case No. 25-cv-09432-AMO (PR) with Case Nos. 23-cv-05613-AMO (PR) and 24-cv-00986-AMO (PR) because those cases are closed. Case No. 25-cv-09432-AMO (PR), Dkt. 24 at 5-6. The Court agrees that consolidation is not warranted as to these closed cases, and it notes that the Ninth Circuit has since dismissed the appeals and issued mandates. *See* Case

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

United States District Court
Northern District of California

4

No. 23-cv-05613-AMO (PR), Dkts. 20, 21; Case No. 24-cv-00986-AMO (PR), Dkts. 20, 21. Therefore, Card's motion to consolidate Case Nos. 25-cv-09432-AMO (PR) and 25-cv-01878-AMO (PR) with Case Nos. 23-cv-05613-AMO (PR) and 24-cv-00986-AMO (PR) is **DENIED.**

The Court now turns to Card's motion to consolidate Case No. 25-cv-01878-AMO (PR) with Case No. 25-cv-09432-AMO (PR). First, the Court points out that in Defendant County of Alameda's initial motion to dismiss the complaint in Case No. 25-cv-09432-AMO (PR), the defendant concedes that Card filed multiple attempts (listing his prior lawsuit, Case No. 25-cv-01878-AMO (PR)), in which Card:

> attempt[s] to sue, at least in part, over his December 2021 arrest, post-arrest detainment (in either Santa Rita Jail or John George Psychiatric Hospital), and related criminal prosecution by the Alameda County D.A.'s office in Case No. 21-CR-014602 (including Plaintiff's issues with the prosecution and his own representation).

Case No. 25-cv-09432-AMO (PR), Dkt. 4 at 14. Thus, it seems Defendant Alameda County agrees that Case No. 25-cv-01878-AMO (PR) arose from the same subject matter as the instant Case No. 25-cv-09432-AMO (PR). *See id.*

On November 10, 2025, Card filed his amended complaint, which is the operative complaint in Case No. 25-cv-09432-AMO (PR). That amended complaint names the same defendants from the original complaint—Defendants County of Alameda, Dickson, and Reeves (in their official capacities) as well as Prosecutor Gregory Boller, Inspector Nhon Duong, Victim's Advocate Natalie Hernandez, and "Doe Supervisor" (prosecutor from Alameda County and supervisor of Defendant Boller). *Compare* Case No. 25-cv-09432-AMO (PR), Dkt. 1-3 at 5-6 *with id.*, Dkt. 9 at 7. Card also names the following new defendants: Assistant District Attorney Danielle Hilton; Deputy District Attorneys Alexis Causey and Nicholas Homer; UCPD; UCPD Officers Brigid Dineem, Chris Lanier, Pou Wong, Jeff Wilson, and "John Doe" (an unknown UCPD officer); and Union City. *Id.*, Dkt. 9 at 7. Just as in Card's prior action Case No. 25-cv-01878-AMO (PR), he "alleges he was arrested by [UCPD officers] on December 7, 2021, for four counts of pimping, pandering, human trafficking, and rape." *Id.*, Dkt. 9 at 10. Card further alleges that the Alameda County District Attorney's Office prosecuted him for the December 7, 2021 arrest, and asserts that both his arrest and subsequent prosecution were improper. *See id.*, Dkt, 9,

5

United States District Court
Northern District of California

generally.

Because the claims in both cases are closely related, for purposes of judicial economy, the Court **GRANTS** Card's motion to consolidate Case No. 25-cv-01878-AMO (PR) with Case No. 25-cv-09432-AMO (PR).[3]  The Clerk of the Court shall **CLOSE** Case No. 25-cv-01878-AMO (PR) and **TERMINATE** as moot all pending motions in that matter.  All future filings shall refer to the higher numbered case, 25-cv-09432-AMO (PR).  The Clerk shall file Case No. 25-cv-01878-AMO (PR), Docket No. 1 as the "Supplemental Complaint" in Case No. 25-cv-09432-AMO (PR).

As mentioned above, Defendant County of Alameda did not first file a motion asking the Court to screen the complaint or the amended complaint in Case No. 25-cv-09432-AMO (PR) under 28 U.S.C. § 1915A.  Accordingly, the Court terminated the pending motions to dismiss.  Case No. 25-cv-00653-AMO (PR), Dkt. 4 (terminated as moot) & 12 (terminated as premature).  In a separate written Order, the Court will screen the amended complaint along with the supplemental complaint after it has been filed in Case No. 25-cv-09432-AMO (PR).

## IV.    INSTRUCTIONS REGARDING UNSOLICITED/DUPLICATIVE FILINGS BY CARD

Throughout the course of Card's various proceedings, the Court notes that he has consistently filed many duplicative requests and unnecessary submissions.  *See, e.g.*, Case No. 25-cv-00653-AMO (PR), Dkts. 13, 21.  Absent extraordinary circumstances, the Court sees no need for Card to file any further requests or any other filings in this action until *after* (1) the Court instructs him to do so once it has reviewed his claims or (2) he has been served with the defendants' dispositive motion, if the defendants choose to renew their motion to dismiss after the Court reviews Card's claims.  This does not mean that Card is prohibited from filing additional pleadings before then, but the Court directs him to refrain from filing unsolicited or duplicative filings.

---

[3] The Court notes that Defendant County of Alameda paid the filing fee for Case No. 25-cv-09432-AMO (PR), and Card is proceeding *in forma pauperis* in Case No. 25-cv-01878-AMO, and thus the Court can choose to proceed in either the lower numbered or the higher numbered action.

United States District Court
Northern District of California

## V.    CONCLUSION

For the reasons above, the Court orders as follows:

1.    The Court **GRANTS** Card's request to voluntarily dismiss claims against Defendants Dickson and Reeves in their individual capacities.  Dkt. 22.

2.    The Court **GRANTS** in part and **DENIES** in part Card's motion to consolidate the above-captioned actions.  Card's motion to consolidate Case Nos. 25-cv-09432-AMO (PR) and 25-cv-01878-AMO (PR) with Case Nos. 23-cv-05613-AMO (PR) and 24-cv-00986-AMO (PR) is **DENIED**.  And his motion to consolidate Case No. 25-cv-01878-AMO (PR) with Case No. 25-cv-09432-AMO (PR) is **GRANTED**.  The Clerk shall **CLOSE** Case No. 25-cv-01878-AMO (PR) and **TERMINATE** as moot all pending motions in that case.  **All future filings shall refer to the higher numbered case, Case No. 25-cv-09432-AMO (PR).**  The Clerk shall file Case No. 25-cv-01878-AMO (PR), Docket No. 1 as the "Supplemental Complaint" in Case No. 25-cv-09432-AMO (PR).

3.    The Court **GRANTS** Card's motions to terminate the pending motions to dismiss. Case No. 25-cv-09432-AMO (PR), Dkts. 11, 14.  Thus, the Court **TERMINATES** the pending motion to dismiss the complaint in Case No. 25-cv-09432-AMO (PR) as moot, and it **TERMINATES** the pending motion to dismiss the amended complaint in that same case as premature.  *Id.*, Dkts. 4, 12.  In a separate written Order, the Court will screen the amended complaint along with the supplemental complaint after it has been filed in Case No. 25-cv-09432-AMO (PR).

4.    The Court instructs Card not to file further unsolicited or duplicative pleadings in this action until *after* (1) the Court instructs him to do so once it has reviewed his claims or (2) he has been served with the defendants' dispositive motion, if the defendants chooses to file a renewed motion to dismiss after the Court's review of Card's claims.

**IT IS SO ORDERED.**

Dated:  6/17/2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**